Suluyan, J.
This was an indictment for violating the 6th section of the act to regulate marriages, R. S., 1838, p. 410. The indictment charges that the defendant being a justice of the peace of the county of LaGrange, did, on, &c., in the said county of LaGrange, solemnize a marriage between one * J-ustin Wait and one Submit Flint, by virtue of a license issued by the clerk of the LaGrange Circuit Court, the said S. Flint being then and there a resident of said count)’’, and the parties competent to contract, &c.; and that the defendant having solemnized said marriage, did fail and neglect to file in the clerk’s office of said county a certificate of said marriage within three months after the same was solemnized, and for a long time thereafter, to wit, for the space of one year, &c. A plea in abatement was filed to the indictment, alleging that the grand jurors by whom said bill was found, were not legally drawn and impanneled, &c., in this, to wit, that the names of said supposed grand jurors were not selected or caused to be selected by the board doing county business, &c., at their May session of said board in the year 1840, from the list of taxable persons, &c. There was a demurrer to the plea, which was sustained by the Court. A motion was then made to quash the indictment, which was also sustained by the Court. We see no good objection to the indictment. The offense is charged against the defendant very distinctly, indeed we do not see how it could be more so.
The Court did right in sustaining the demurrer to the pica in abatement. It is not necessary to a legal grand jury that the members of it should be drawn as was contended for by the defendant in his plea. Acts of 1841, p. 126.
W. IP. Coombs, for the State.
PI Cooper, for the defendant.
The Court erred iu quashing the indictment, and the judgment, must be reversed.
Per Curiam.—The judgment is .reversed with costs. Cause remanded, &c.